UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:14CV-78-R

MELISSA RHEA                                                                     PLAINTIFF

v.

ADVANCED PAIN CARE CLINIC                                    DEFENDANT

**MEMORANDUM OPINION**

Plaintiff Melissa Rhea filed the instant *pro se* action. She also filed an application to proceed without prepayment of fees. However, Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Because a review of the complaint reveals that this Court lacks subject-matter jurisdiction, the Court will dismiss the action.

**I. SUMMARY OF CLAIMS**

Plaintiff states that she was a patient of Defendant Advanced Pain Care Clinic. As her statement of the claim, she states as follows:

> I never seen them take new needles out of the Packages like they are suppose to. One day the dr dropped a needle on the floor Picked it up and stuck me with it anyway. Upon giving these injections they never sedated me like they are suppose to I now have suffered with 3 bouts of Staph infection boils on my buttocks both sides.

As relief, Plaintiff seeks damages for pain and suffering and states that the clinic should be shut down.

**II. ANALYSIS**

*Pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110

(6th Cir. 1991). However, "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assoc. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006). Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas*, 150 F.3d at 607 (citing *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)).

The party who seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377. There are two ways a federal district court may have jurisdiction over a case. The first is through federal

question jurisdiction under 28 U.S.C. § 1331, and the second is through diversity jurisdiction under 28 U.S.C. § 1332.

*Federal question jurisdiction*

In the present case, Plaintiff has not established federal question jurisdiction under 28 U.S.C. § 1331. She has not stated that she was deprived of any federal statutory or constitutional right. Likewise, the complaint does not contain factual allegations that would establish a federal cause of action against Defendant. Any medical negligence or malpractice claims are state-law, not federal, claims. For these reasons, Plaintiff fails to demonstrate jurisdiction under 28 U.S.C. § 1331.

*Diversity jurisdiction*

Additionally, Plaintiff fails to establish diversity jurisdiction under 28 U.S.C. § 1332. To give rise to jurisdiction under § 1332, there must be complete diversity of citizenship, and the amount in controversy must exceed "the sum or value of $75,000, exclusive of interest and costs[.]" 28 U.S.C. § 1332. The complaint and summons tendered by Plaintiff indicate that both she and Defendant are citizens of Kentucky. Plaintiff therefore fails to establish diversity jurisdiction.

### III. CONCLUSION

Accordingly, because Plaintiff has failed to establish that this Court has subject-matter jurisdiction over this action, the Court will dismiss this action by separate Order.

Date:

cc: Plaintiff, *pro se*
4413.010